Hugo LUA, Plaintiff–Appellant,

v.

Nancy ADAMS, M.D., Defendant–Appellee.

No. 13–16670.

United States Court of Appeals, Ninth Circuit.

Submitted June 22, 2015.**

Filed June 29, 2015.

Hugo Lua, Stockton, CA, pro se.

Daniel B. Alweiss, Esquire, Deputy Attorney General, AGCA–Office of the California Attorney General, Oakland, CA, for Defendant–Appellee.

Before: HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

MEMORANDUM *

California state prisoner Hugo Lua appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung,* 391 F.3d 1051, 1056 (9th Cir.2004), and we affirm.

The district court properly granted summary judgment because Lua failed to raise a genuine dispute of material fact as to whether defendant Dr. Adams acted with deliberate indifference to Lua's chronic

---

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

back pain. *See id.* at 1057–60 (a prison official acts with deliberate indifference only if he or she knows of and disregards an excessive risk to a prisoner's health; negligence and a mere difference in opinion are insufficient to establish an Eighth Amendment violation); *see also McGuckin v. Smith,* 974 F.2d 1050, 1060 (9th Cir. 1992) ("A defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established."), *overruled on other grounds by WMX Techs., Inc. v. Miller,* 104 F.3d 1133 (9th Cir.1997) (en banc).

Lua's motion for default, filed on June 23, 2014, is denied.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.